488 P.2d 250 (1971)
Walter RANDALL and Ora Randall, Plaintiffs-Appellees,
v.
William R. CARROLL et al., Defendants, William R. Carroll and Charles G. Larsen, Defendants-Appellants.
No. 70-412.
Colorado Court of Appeals, Division II.
August 31, 1971.
*251 Ott, Caskins, Castillo & Rhodes, Richard L. Ott, Denver, for plaintiffs-appellees.
Sol Cohen and Morton L. Davis, Morton L. Davis, Denver, for defendants-appellants.
Selected for Official Publication.
COYTE, Judge.
The parties appear in reverse order from their appearance below, but shall be referred to as they appeared at trial.
This action was originally brought by plaintiffs to recover damages from defendants for a breach of contract. By the terms of the contract the defendants had agreed to buy twenty motorcycles from plaintiffs, for a total purchase price of $5,600. The machines were delivered to defendants and $600 was paid as a down payment; the balance was to be paid in monthly installments. Defendants failed to make subsequent payments and plaintiffs sued for the balance owing. The trial court found in plaintiffs' favor and, after crediting defendants with the value of certain returned motorcycles, entered judgment for plaintiffs in the amount of $3,000.
Defendants do not contest the amount of the award, as such, but argue that by virtue of C.R.S.1963, 13-6-8 and 13-6-9, a contract for the sale of motor vehicles is unenforceable unless the certificate of title to the motor vehicle is issued in the buyer's name at the time of sale. Specifically C.R.S.1963, 13-6-8, provides:
"* * * no person shall sell or otherwise transfer a motor vehicle to a purchaser or transferee thereof without delivering to such purchaser or transferee the certificate of title to such vehicle. * * *"
In C.R.S.1963, 13-6-9, it is provided:
"Upon the sale or transfer of a motor vehicle for which a certificate of title has been issued, the person in whose name said certificate of title is registered, if he be other than a dealer, shall in his own person, or by his agent or attorney thereunto duly authorized, execute a *252 formal transfer of the vehicle described in the certificate * * *"
The purpose of the above quoted statute is to require the certification of title to motor vehicles so as to disclose the rights of third persons for enforceability purposes, but does not control the results of an action brought for damages for breach of contract between the original parties to the transaction.
In part, the contract sued upon provides:
"1. It is understood that the title to the above-described property shall not pass to the purchasers but shall remain vested in and be the property of the sellers, or their assigns, until the purchase price, and all other sums due hereunder have been fully paid."
The contract is a conditional sales contract with a security interest in the seller. C.R.S.1963, 13-6-27, provides:
"Validity of mortgage between parties.  Nothing in this article shall be construed to impair the validity of a mortgage on a motor vehicle between the parties thereto as long as no purchaser for value, mortgagee, or creditor without actual notice of the existence thereof shall have acquired an interest in the motor vehicle described therein, notwithstanding the parties to said mortgage shall have failed to comply with the provisions of this article."
Accordingly, the failure to have a certificate of title issued does not defeat the contractual rights of the plaintiff.
The other assignment of error by defendants is that the trial court erred in not finding a mutual rescission of the contract based upon the evidence. Mutual rescission requires assent to that rescission by both parties obligated under the contract. Western Air Lines v. Hollenbeck, 124 Colo. 130, 235 P.2d 792. Whether the parties assented to a rescission of the contract was a fact to be determined by the trial court, which found that no such rescission had occurred. Since this finding of fact is based upon competent evidence, it will not be disturbed on appeal.
Judgment affirmed.
DWYER and PIERCE, JJ., concur.